64 A.3d 621

COMMONWEALTH of Pennsylvania, Appellee

v.

Roderick Andre JOHNSON, Appellant.

Supreme Court of Pennsylvania.

Submitted Aug. 15, 2012.

Filed March 25, 2013.

Samuel J.B. Angell, Defender Association of Philadelphia, Michael Hugh Gonzales, David Lee Zuckerman, Federal Community Defender Office, Eastern District of PA, Philadelphia, for Roderick Andre Johnson.

Andrea F. McKenna, Amy Zapp, PA Office of Attorney General, Harrisburg, for Commonwealth of Pennsylvania.

## ORDER

PER CURIAM.

AND NOW, this 25th day of March, 2013, the Order of the PCRA court dismissing appellant's third PCRA petition is AFFIRMED in part and REVERSED in part. The Order of the Court of Common Pleas of Berks County is affirmed to the extent it concludes that recusal of the Honorable Scott D. Keller of the Court of Common Pleas is unwarranted. *See* Memorandum Opinion, CP–06–CR–118–97, dated 2/29/12. The Order is reversed to the extent it determines that appellant Roderick Johnson's *Brady*[1] claim, arising from discovery materials produced during the federal *habeas corpus* proceedings in the unrelated case of *Johnson v. Folino*, No. 2:04–cv–02835 (U.S. District Court, E.D.Pa.), is untimely under the

1. *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

Post–Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541–9546.

This Court concludes that appellant has demonstrated that the information discovered during the federal *habeas* proceedings constitutes "newly discovered" facts for purposes of the (b)(1)(ii) exception to the jurisdictional time bar. *See* 42 Pa.C.S. § 9545(b)(1)(ii). The PCRA court's alternative merits holding on the Brady claim was conclusory and conflated the timeliness assessment and the merits. Accordingly, on remand, the PCRA court is directed to conduct an appropriate merits review of appellant's *Brady* claim. Furthermore, in assessing *Brady* materiality, the court is reminded of the requirement to consider the "cumulative" or "collective" effect of all of the relevant undisclosed evidence. *Kyles v. Whitley,* 514 U.S. 419, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995); *see also Cone v. Bell,* 556 U.S. 449, 129 S.Ct. 1769, 1782–86, 173 L.Ed.2d 701 (2009) (discussing *Kyles* and considering whether cumulative or collective effect of undisclosed evidence was material).

Furthermore, appellant's Application for Leave to File Post–Submission Communication is GRANTED.

Madame Justice ORIE MELVIN did not participate in the consideration or decision of this case.